```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BEN DIMEDIO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5521 (JBS/KMW) |
| v. | |
| HSBC BANK, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

    This matter comes before the Court pursuant to Defendant's motion to dismiss Plaintiff's Fair Credit Reporting Act and common law claims [Docket Item 5] and Plaintiff's motion for entry of default judgment [Docket Item 9]. The Court also has reviewed two letters received from Mr. DiMedio opposing the dismissal motion, dated December 11, 2008 and December 31, 2008, which requested oral argument. The Court has determined that this motion may be decided without oral argument, pursuant to Rule 78, Fed. R. Civ. P. THIS COURT FINDS AS FOLLOWS:

    1. This action arises out of a Complaint filed by Ben DiMedio, appearing <u>pro se</u>, against Defendant HSBC Bank alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as "malicious and purposeful actions to harm Plaintiffs' credit report," and "purposefully tarnish the financial character of the Plaintiff." (Compl.) In addition, Plaintiff repeatedly asserts that Defendant violated the "FCBA"

which, construing Plaintiff's Complaint liberally as this Court must, Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pro se pleadings reviewed with liberality), the Court concludes is meant as short-hand for the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-1666i-2.  (Compl. ¶¶ 6, 8, 16.)

    2.    Plaintiff alleges that on April 1, 2007, he applied for a Master Card credit card from Defendant and that his application was subsequently approved.  (Compl. ¶ 3.)  On May 25, 2007, Plaintiff received the first statement for the credit card, showing an amount due of $59, which he timely paid on June 2, 2007.  (Id. ¶¶ 4-5.)  According to Plaintiff, Defendant did not accurately report the timing of the payment "to the credit reporting agencies."  (Id. ¶ 6.)  On June 25, 2007, Plaintiff received the next credit card statement for the amount of $137.83, which included an allegedly improper charge of $17.95.  (Id. ¶ 7.)  "Plaintiff contacted the Defendants' [sic] customer service department and 'disputed' the charge."  (Id.)

    3.    Plaintiff's Complaint further alleges that he did not receive his July, 2007 statement in the month of July, 2007.  (Id. ¶¶ 9-14.)  On July 25, 2007, Plaintiff called Defendant's customer service center to notify them that he had not received a statement.  (Id. ¶ 9.)  In response, an agent allegedly asked Plaintiff "Why do you have a credit card?" and "Why do you pay the balance in full each month?"  (Id.)  The agent allegedly told

Plaintiff that "we do not make any money when a consumer pays their balance in full each month who [sic] doesn't accrue finance charges or late fees." (Id.) Plaintiff responded that he had opened his credit account in order to establish good credit and Defendant's representative allegedly responded, "since we can't make any money from you, the account has been closed and you will receive the final statement." (Id.) Plaintiff made two more calls, on August 25, 2007 and September 25, 2007, to Defendant's customer service inquiring about his July, 2007, and each time was told that the statement had been mailed. (Id. ¶¶ 10-11.) On October 25, 2007, Plaintiff again called Defendant's customer service and this time asked for his current balance, which was $107.89. (Id. ¶ 12.) On November 1, 2007, Plaintiff paid the $107.89. (Id. ¶ 13.) On January 5, 2008, Plaintiff received a statement from Defendant that showed the balance of $107.89 and reflected that this amount had been paid in full. (Id. ¶ 14.)

  4. On January 20, 2008, Plaintiff applied for a Discover credit card and that application was later denied. (Id. ¶ 15.) Plaintiff then obtained a copy of his own credit report and learned that "Defendant purposely [sic] reported false and inaccurate information to the Credit Reporting Agency on the account as follows 1) a collection account; 2) delinquent payments; 3) an outstanding balance; 4) a 'charge off' account." (Id.)

5. On October 1, 2008, Plaintiff filed his pro se Complaint in the Superior Court of New Jersey, Gloucester County [Docket Item 1]. On October 10, 2008, Defendant was served with a copy of Plaintiff's Complaint [Docket Item 1]. On November 10, 2008, Defendant removed the action to this Court [Docket Item 1].[1] On November 26, 2008, Defendant filed the instant motion to dismiss in lieu of an answer [Docket Item 5]. On December 19, 2008, Plaintiff filed a motion for default judgment [Docket Item 9]. Plaintiff has indicated in opposition that he seeks to hold Defendant liable as a creditor bank, not as a credit reporting agency, and that the bank breached its duty to provide accurate and fair information to the credit reporting agencies.

6. The Court will address Plaintiff's motion for default judgment first. Pursuant to Rule 12, Fed. R. Civ. P., a motion to dismiss may be filed in lieu of an answer, and pursuant to Rule 55(a), Fed. R. Civ. P., default may only be entered where the defendant "has failed to plead or otherwise respond." By the time Plaintiff had filed his motion for default judgment,

---

[1] Plaintiff objects to Defendant's removal of this action on grounds that he was not promptly served with a copy of Defendant's notice of removal (though he did ultimately receive the notice from Defendant). While it is true that Defendant was required to file a notice of removal within thirty days of service pursuant to 28 U.S.C. § 1446(b), Section 1446(b) does not require that Plaintiff be served with a copy of this notice within thirty days. Defendant timely filed its notice of removal based on Plaintiff's federal claims and so removal was appropriate [Docket Item 1].

Defendant had already filed its motion to dismiss in response to Plaintiff's Complaint and in lieu of an answer.  Defendant was not in default when Plaintiff sought default judgment, and is not presently in default, and the Court will deny Plaintiff's motion for default judgment.

    7.  Turning to Defendant's motion to dismiss, for the reasons discussed below the Court will grant Defendant's motion to dismiss Plaintiff's FCRA and common law claims, but will not dismiss Plaintiff's FCBA claim because Defendant has not moved for its dismissal.  Plaintiff seeks relief for alleged violations of Section 623 (15 U.S.C. § 1681s-2) of the FCRA, pursuant to Section 616 (15 U.S.C. § 1681n), which provides for civil liability for willful noncompliance with provisions of the FCRA.  Plaintiff does not specify which subsection of Section 623 he deems violated, but he may not bring suit under Section 623(a) because there is no a private right of action through Section 616 for violations of Section 623(a).  15 U.S.C. § 1681s-2(c),(d); Krajewski v. American Honda Fin. Corp., 557 F. Supp. 2d 596, 608-09 (E.D. Pa. 2008) (citing Perry v. First Nat'l Bank, 459 F.3d 816, 822 (7th Cir. 2006) and Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002)).  Violations of Section 623(a) are "enforced exclusively" by federal and State authorities.  15 U.S.C. § 1681s-2(d).  Any claim arising for an alleged violation of Section 623(a), therefore, is dismissed.

8. The Court will likewise dismiss any claim arising out of Section 623(b). That provision, which may be the basis of a private suit, sets forth the "[d]uties of furnishers of information on notice of dispute," including duties to investigate the disputed information and report the results of that information to the credit reporting agency. 15 U.S.C. § 1681s-2(b). These duties are not imposed, however, until the furnisher of information receives notice pursuant to Section 611(a)(2) (15 U.S.C. § 1681i(a)(2)). Id. That notice of disputed information must come from a consumer reporting agency, and not the consumer, in order to trigger the requirements of Section 623(b).[2] 15 U.S.C. § 1681i(a)(2); Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) ("[A]ny private right of action [the consumer] may have under § 1681s-2(b) would require proof that a consumer reporting agency .

---

[2] The Ninth Circuit explained the policy behind this requirement:

> It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies. But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher.

Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002).

. . had notified [the data furnisher] to § 1681i(a)(2).") (emphasis in original).  As a result, courts in this district have consistently held that "[t]o state a claim under this section, a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'"  Martinez v. Granite State Mgmt. and Res., No. 08-2769, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008) (quoting Ruff v. America's Servicing Co., No. 07-489, 2008 WL 1830182, * 4 (W.D. Pa. Apr. 23, 2008)); Abuel v. U.S. Bank Nat'l Assoc., ND, No. 06-1912, 2006 U.S. Dist. LEXIS 87437, at *9-10 (D.N.J. Dec. 4, 2006); Lorenzo v. Palisades Collection, LLC, No. 05-0886, 2006 WL 891170, at *2 (D.N.J. Apr. 5, 2006) ("With respect to subsection (b), . . . a private cause of action exists, but only where the furnisher of information receives notice of a dispute directly from a consumer reporting agency, as opposed to from the consumer.").  Plaintiff has not alleged that he gave any notice of disputed information to a consumer reporting agency or that a consumer reporting agency notified the Defendant of this dispute and therefore Plaintiff has not stated a claim under the FCRA for which relief may be granted.

7

9. Finally, the Court will dismiss Plaintiff's common law claims because the FCRA expressly preempts state causes of action "relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F); <u>Campbell v. Chase Manhattan Bank, USA, N.A.</u>, No. 02-3489, 2005 WL 1514221, at *16-17 (D.N.J. June 27, 2005) ("By enacting Section 1681t(b)(1)(F), Congress 'wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies.'") (quoting <u>Jaramillo v. Experian Info. Solutions, Inc.</u>, 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001)).  Plaintiff's common law claims "for malicious and purposeful actions to harm the Plaintiff's credit report" and "for purposefully tarnishing the financial character of the Plaintiff" arise directly from Defendant's alleged responsibilities as a data furnisher to consumer reporting agencies.  Plaintiff's common law claims, consequently, must be dismissed.  <u>See</u> 15 U.S.C. § 1681(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.")

10.  In sum, the Court will dismiss Plaintiff's FCRA and common law claims, but Plaintiff may continue to pursue his FCBA claim because Defendant has not sought its dismissal.  The accompanying Order is entered.


**June 22, 2009**               **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                United States District Judge