```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BEN DIMEDIO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5521 |
| v. | |
| HSBC BANK, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter comes before the Court pursuant to Defendant's unopposed motion to dismiss Plaintiff's Fair Credit Billing Act claim [Docket Item 15]. THIS COURT FINDS AS FOLLOWS:

1. This action arises out of a Complaint filed by Ben DiMedio, appearing pro se, against Defendant HSBC Bank alleging violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-1666i. In the Complaint, the Plaintiff repeatedly asserts that Defendant violated the "FCBA," which the Court previously concluded was meant as short-hand for the Fair Credit Billing Act. (Compl. ¶¶ 6, 8, 16.) In addition, the Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as "malicious and purposeful actions to harm Plaintiffs' credit report," and "purposefully tarnishing the financial character of the Plaintiff," (Compl.), but the Court has already dismissed those claims [Docket Item 14.]

2.   Plaintiff alleges that on April 1, 2007, he applied for a Master Card credit card from Defendant and that his application was subsequently approved.  (Compl. ¶ 3.)  On May 25, 2007, Plaintiff received the first statement for the credit card, showing an amount due of $59, which he timely paid on June 2, 2007.  (Id. ¶¶ 4-5.)  According to Plaintiff, Defendant did not accurately report the timing of the payment "to the credit reporting agencies."  (Id. ¶ 6.)  On June 25, 2007, Plaintiff received the next credit card statement for the amount of $137.83, which included an allegedly improper charge of $17.95.  (Id. ¶ 7.)  "Plaintiff contacted the Defendants' [sic] customer service department and 'disputed' the charge."  (Id.)  Both parties agreed on a payment of $119.88, which Plaintiff paid "in full" and on time.  (Id.)

3.   Plaintiff's Complaint further alleges that he did not receive his July, 2007 statement in the month of July, 2007.  (Id. ¶¶ 9-14.)  On July 25, 2007, Plaintiff called Defendant's customer service center to notify them that he had not received a statement.  (Id. ¶ 9.)  In response, an agent allegedly asked Plaintiff "Why do you have a credit card?" and "Why do you pay the balance in full each month?"  (Id.)  The agent allegedly told Plaintiff that "we do not make any money when a consumer pays their balance in full each month who [sic] doesn't accrue finance charges or late fees."  (Id.)  Plaintiff responded that he had

opened his credit account in order to establish good credit and Defendant's representative allegedly responded, "since we can't make any money from you, the account has been closed and you will receive the final statement." (Id.)  Plaintiff made two more calls, on August 25, 2007 and September 25, 2007, to Defendant's customer service inquiring about his July, 2007 statement, and each time was told that the statement had been mailed.  (Id. ¶¶ 10-11.)  On October 25, 2007, Plaintiff again called Defendant's customer service and this time asked for his current balance, which was $107.89.  (Id. ¶ 12.)  On November 1, 2007, Plaintiff paid the $107.89.  (Id. ¶ 13.)  On January 5, 2008, Plaintiff received a statement from Defendant that showed the balance of $107.89 and reflected that this amount had been paid in full.  (Id. ¶ 14.)

    4.  On January 20, 2008, Plaintiff applied for a Discover credit card and that application was later denied.  (Id. ¶ 15.) Plaintiff then obtained a copy of his own credit report and learned that "Defendant purposely [sic] reported false and inaccurate information to the Credit Reporting Agency on the account as follows 1) a collection account; 2) delinquent payments; 3) an outstanding balance; 4) a 'charge off' account." (Id.)

    5.  On October 1, 2008, Plaintiff filed his pro se Complaint in the Superior Court of New Jersey, Gloucester County [Docket

3

Item 1]. On November 10, 2008, Defendant removed the action to this Court [Docket Item 1]. On November 26, 2008, Defendant filed a motion to dismiss Plaintiff's FCRA and common law claims [Docket Item 5]. On December 19, 2008, Plaintiff filed a motion for default judgment [Docket Item 9]. On June 22, 2009, the Court entered an order denying Plaintiff's motion for default judgment and granting Defendant's motion to dismiss Plaintiff's Fair Credit Reporting Act and common law claims [Docket Item 14.] The Court indicated that the FCBA claim was not dismissed, because the Defendant had not moved for its dismissal [Docket Item 14.] On July 14, 2009, Defendant filed the instant motion to dismiss the remaining FCBA claim [Docket Item 15.] Plaintiff has not filed a response to this motion.

6. For the reasons discussed below the Court will grant Defendant's motion to dismiss Plaintiff's FCBA claim. Plaintiff seeks relief for violations of the FCBA (15 U.S.C. §§ 1666-1666i) which requires creditors to investigate and correct billing errors. For the purposes of the FCBA, a "billing error" includes, among other things, "a reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement" and "failure to transmit the statement required under section 1637(b) of [15 U.S.C.] to the last address of the obligor which has been disclosed to the creditor." 15 U.S.C. § 1666(b). There are two

4

possible billing errors alleged in the Complaint.  (Compl. ¶¶ 7, 9.)  In the June, 2007 statement, there is one disputed charge of $17.95, but it appears that the Defendant credited the disputed amount to Plaintiff's account, correcting the error.  (Id. ¶ 7.)  The following month, Plaintiff did not receive the July, 2007 statement.  (Id. ¶ 9.)  The Court will assume for the purpose of this motion that this constitutes a "billing error" because Defendant allegedly failed to transmit the statement.

      7.  Under the FCBA, a consumer needs to provide written notice of the billing error in order to trigger a creditor's duty to investigate the dispute.  See 15 U.S.C. § 1666(a); American Express Co. v. Koerner, 452 U.S. 233, 236 (1981); Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir. 1986).  According to the FCBA, a consumer has sixty days from receiving the disputed statement to provide written notice of the billing error.  15 U.S.C. § 1666(a).  The written notice should include account information, the "belief that the statement contains a billing error and the amount of such billing error," and the reasons for believing an error exists.  Id.  After receiving the written notice, the creditor must then send a written acknowledgment of the notice within thirty days, and subsequently either correct the billing error, or after conducting an investigation, explain in writing why the billing was correct.  Id.  In this case, Plaintiff has not alleged that he provided written notice to

Defendant.  Plaintiff failed to provide written notice of any billing error, as he did not communicate in writing when he was billed for an incorrect amount in June nor when he failed to receive the July, 2007 statement.  (Compl. ¶¶ 7, 9-12.)  Thus, as a matter of law, Plaintiff's FCBA claim must be dismissed.

     8.  In sum, the Court will dismiss Plaintiff's FCBA claim.  The accompanying Order is entered.


**August 4, 2009**                       **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                        United States District Judge